IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN PADUANO, and
LINDA PADUANO

       Plaintiffs,

v.                                                 Case No. 1:20-cv-00859-KWR-KK

AL ENGINEERS, INC.,
WESTERN STATES FIRE PROTECTION CO.,
AFPG AMERICAN FIRE PROTECTION GROUP,
MELISSA KERBY, JEFF CROUCH,
BLACK AND WHITE CORPORATIONS 1-10, and
JOHN DOES 1-5,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiffs' Motion to Remand to State Court, filed September 23, 2020 (**Doc. 10**). Having reviewed the pleadings and applicable law, the Court finds that Plaintiffs' Motion is well taken and, therefore, is **GRANTED IN PART**. This case is remanded back to the First Judicial District Court, County of Rio Arriba, State of New Mexico.

## BACKGROUND

Plaintiff John Paduano worked inside a Sam's Club in Albuquerque, New Mexico and oversaw a hearing aid station run by Hearing Lab Technology. He alleges that the Sam's Club fire alarm malfunctioned and repeatedly went off for a significant duration of time over multiple days. He alleges he suffered pronounced hearing loss, tinnitus and hyperacusis. Mr. Paduano and his wife filed this case in the First Judicial District Court, Rio Arriba County, New Mexico on July

23, 2020, asserting state law claims the Defendants.  Defendants Kerby and Crouch are alleged to be managers of the corporate defendants and New Mexico residents, while the remaining Defendants are out of state defendants.  Plaintiffs alleged the following claims in their amended complaint **(Doc. 1-2)**:

>Count I:  Strict Products Liability against Defendants AI Engineers, AFPG and WSFP
>
>Count II: Negligence against AI Engineers, AFPG and WSFP
>
>Count III:   Negligent Supervision and Training against Defendants Crouch and Kerby

Defendant WSFP removed this case on August 26, 2020.  Although acknowledging there was a lack of complete diversity, WSFP argued that the non-diverse defendants were fraudulently joined.  Plaintiffs timely filed a motion to remand, arguing (1) the court lacks diversity jurisdiction and the fraudulent joinder argument lacks merit; (2) the forum-defendant rule bars removal; and (3) not all defendants consented to removal.  This matter was fully briefed on October 20, 2020 and is ready for decision.  Defendants, who carry the burden in this matter, did not request a hearing.

## DISCUSSION

Defendants removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  Although the parties are not completely diverse and diversity jurisdiction is lacking, Defendants argue that the Court in fact has diversity jurisdiction because the non-diverse Defendants, Crouch and Kerby, were fraudulently joined.  The Court disagrees, and concludes it lacks diversity jurisdiction over this case.

**I.      Removal and Remand Standards.**

Federal courts are courts of limited jurisdiction. There is a presumption against removal jurisdiction, which the defendant seeking removal must overcome.  *See Fajen v. Found. Reserve*

*Ins. Co.*, 683 F.2d 331, 333 (10th Cir.1982); *Martin v. Franklin Capital Corp.,* 251 F.3d 1283, 1290 (10th Cir. 2001).  Removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) requires: (i) complete diversity among the parties; and (ii) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a non-diverse party fraudulently to defeat federal jurisdiction. *See Am. Nat'l Bank & Trust Co. v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir.1991). The citizenship of fraudulently joined defendants "should be ignored for the purposes of assessing complete diversity." *See Dutcher v. Matheson*, 733 F.3d 980, 987-988 (10th Cir. 2013).

In evaluating a claim of fraudulent joinder, "all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co*., 683 F.2d 331, 333 (10th Cir. 1982).  In other words, the removing party "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc*., 138 F.3d 459, 461 (2d Cir. 1998)). This is a high bar for Defendants to meet, and poses a standard "more exacting than that for dismissing a claim under Fed.R..Civ.P. 12(b)(6)" and "which entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Montano v. Allstate Indemnity,* 211 F.3d 1278, 2000 WL 525592 at **1-2 (10th Cir. 2000).[1]  The Court must "determine whether [the plaintiff] has any

---

[1] Many district courts within the Tenth Circuit have referred to the standard for fraudulent joinder as requiring clear and convincing evidence.  *See Bristow First Assembly of God v. BP p.l.c.*, No. 15-CV-523-TCK-FHM, 2016 WL 5415792, at *2 n.1 (N.D. Okla. Sept. 28, 2016) (finding "no significant difference between the 'complete certainty' language in *Smoot* and the 'clear and convincing' language in other cases); *Spence v. Flynt*, 647 F.Supp. 1266, 1271

3

possibility of recovery against the party whose joinder is questioned." *Montano v. Allstate Indem.*, 211 F.3d 1278, at *1 (10th Cir. 2000); *see also Smoot v. Chicago, Rock Island & Pacific Railroad Co.*, 378 F.2d 879 (10th Cir.1967) (fraudulent joinder must be "established with complete certainty upon undisputed evidence.").

The party defending removal may carry this "heavy burden" and successfully assert fraudulent joinder by demonstrating either: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013); *Black Iron, LLC v. Helm-Pacific*, 2017 WL 2623846, at *4 (D.Utah, 2017); *see also Montano v. Allstate,* 211 F.3d 1278, 2000 WL 525592 at **1-2, 4 (10th Cir. 2000) (to prove fraudulent joinder, the removing party must demonstrate that there is "no possibility" that plaintiff would be able to establish a cause of action against the joined party in state court).

II.     **The parties are not completely diverse and Defendants failed to prove there is no possibility of a cause of action against the non-diverse Defendants.**

On its face, the complaint and notice of removal indicate a lack of diversity jurisdiction. In order to invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013) (citation omitted).  "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.* Here, it appears to be undisputed that Plaintiffs and Defendants Crouch and Kerby are residents of New Mexico. Therefore, the parties are not completely diverse and this Court lacks diversity jurisdiction.

---

(D. Wyo.1986); *Castens v. Conseco Life Ins. Co.*, No. 11–CV–628–TCK, 2012 WL 610001, at *2 (N.D. Okla. Feb. 24, 2012); *De La Rosa v. Reliable, Inc.*, 113 F. Supp. 3d 1135, 1163 (D.N.M. 2015).

4

Defendants argue that Plaintiffs fraudulently joined the non-diverse Defendants, Kerby and Crouch, and cannot state a claim against them.  The Court disagrees.  Plaintiffs allege that the fire alarm or fire protection system malfunctioned for days Defendants Kerby and Crouch negligently supervised, trained, or hired the individuals who installed and maintained the fire protection system.  The Court finds that under New Mexico law, the complaint gave Defendants Kerby and Crouch fair notice of the claims against them.  The Court cannot say that there is no possibility that Plaintiffs could assert a negligent supervision or training claim against Defendants Kerby and Crouch based on the installation and maintenance of the malfunctioning fire alarm system.

Defendants produced an affidavit from Defendant Kerby, in which she asserted she is the office manager and had no supervisory responsibilities over the installation and maintenance of the fire alarm system.  Rather, she merely took customer complaints.  Even if that is true, Defendants did not nothing to rebut Plaintiffs' allegation that Defendant Crouch was involved in supervision or training of the installation and maintenance of the fire alarm system.  Notably, Plaintiffs pled:

> 51.     Upon information and belief, at all times relevant herein, Defendant Crouch was the person responsible for hiring, training and supervising AFPG's employees on the installation and maintenance of the subject fire protection system.
> …
> 53.  The Defendants failed to properly train and or supervise its employees that installed or maintained the fire protection system, and failed to provide adequate and sufficient staffing at its place of business, and it was foreseeable that these failures to properly train and supervise its employees and/or to provide adequate staffing created an unreasonable risk of injury to others, including Mr. Paduano.

**Doc. 1-2** (amended complaint) at ¶¶ 51, 53.  These allegations were unrebutted.  Therefore, the Court concludes that Defendants fell short of their heavy burden of proving that no cause of action exists or proving that there is "no possibility" that Plaintiffs could assert claims against Defendants Crouch or Kerby.  *Montano v. Allstate,* 211 F.3d 1278, 2000 WL 525592 at **1-2, 4 (10th Cir.

5

2000); *Dutcher*, 733 F.3d at 988 ("The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.") (brackets and internal quotation marks omitted), *quoted in Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019).

### III.   Costs and Fees.

Plaintiffs ask for attorney fees and costs incurred in seeking remand, because there was a lack of complete diversity and Defendants' fraudulent joinder argument was not reasonable. **Doc. 14 at 10.**   Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held:

> The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).  While an award of fees is within the discretion of the Court, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). Considering the totality of the circumstances, the Court concludes that Defendants had an objectively reasonable basis for removal and did not remove this case to prolong litigation or impose costs on Plaintiffs.  Therefore, an award of attorney fees and costs to Plaintiffs is not justified.

Moreover, Defendants had an objectively reasonable argument that the non-diverse defendants were fraudulently joined, and therefore the forum defendant rule would not apply. *See, e.g., Aguayo v. AMCO Ins. Co.*, 59 F. Supp. 3d 1225, 1257 (D.N.M. 2014) (applying fraudulent

joinder to both complete diversity and the forum-defendant rule under 28 U.S.C. § 1441(b)(2)); *See Brazell v. Waite*, 525 Fed.Appx. 878, 884 (10th Cir. 2013) (deciding to not apply the forum-defendant rule because of "serious doubt" that a fraudulently joined and nominal defendant could be considered a "part[y] *in interest properly joined*").  Moreover, Defendant WSFP contacted Defendant AIE before removal and reasonably believed that Defendant AIE had not been served. Although this may not have been correct, Defendant WSFP reasonably believed that all served Defendants had consented to removal under 28 U.S.C. § 1446(b)(2)(A).

## CONCLUSION

Because there was a lack of complete diversity at the time of removal, this Court lacks diversity jurisdiction over this case. 28 U.S.C. § 1447(c). Defendants have not carried their heavy burden of showing there is no possibility of claims against the non-diverse Defendants. Therefore, the Court grants in part Plaintiffs' Motion to Remand.   The Court declines to award attorney fees.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand **(Doc. 10)** is hereby **GRANTED IN PART** for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the First Judicial District Court, Rio Arriba County, State of New Mexico.  The Clerk of Court is hereby directed to take the necessary actions to remand the case.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE